# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

FILED

2019 DEC 16 PM 2: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

|  |  |
|---|---|
| Linda Williams Shelton<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>**-v-**<br><br><br>Tennessee Department of Agriculture<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | Case No. 08-19-1121<br><br>*(to be filled in by the Clerk's Office)*<br><br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Linda Williams Shelton |
| Street Address | 1603 Granville Road |
| City and County | Franklin, Williamson |
| State and Zip Code | Tennessee |
| Telephone Number | 6154141114 |
| E-mail Address | lindawshelton@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jai Templeton |
| Job or Title *(if known)* | Ex Commissioner  (no longer in office) |
| Street Address | Unknown |
| City and County | Unknown |
| State and Zip Code | Unknown |
| Telephone Number | Unknown |
| E-mail Address *(if known)* | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Charlie Hatcher |
| Job or Title *(if known)* | Commissioner |
| Street Address | P.O. Box 40627 |
| City and County | Nashville, Davidson |
| State and Zip Code | 37064 |
| Telephone Number | 6158375100 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Tennessee Department of Agriculture |
| Street Address | P.O. Box 40627 |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee 37204 |
| Telephone Number | 6158375103 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☒    Relevant state law *(specify, if known)*:
     Whistleblower and  Retalitory Discharge

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

    *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

2015 through 10/2017

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☒ age *(year of birth)*    1963    *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

The State of Tennessee Department of Agriculture terminated me and moved my position to a different division so they could reintroduce the position under another title. They then hired a person under the age of 40. Their actions were to force me into retirement as I was terminated 8 days after 30 yr service anniversary. It can also be stated that the decision was made two years earlier, according to supervisor, to retire me at my 30 anniversary in retalional for my reporting a theft by a political appointed co-worker. My reporting action was an embarassment for that employee and the Department.

Termination:

- At time of termination, I was an "Agriculture Marketing Specialist 2" in the Marketing Division. I marketed Value Added, Manufactured Food Products produced in Tennessee along with various other Pick TN Products programs.
- I received Notice of Termination via an "Expiration of Executive Service Appointment" letter hand-delivered to me from Deputy Commissioner Tom Womack on September 8, 2017. This was 8 days after my 30 year employment anniversary date with the State of Tennessee. This was HR's calculation.
- Deputy Commissioner Tom Womack told me that my position was being reorganized and moved to another Division of the Department of Agriculture (Consumer and Industry Services) and that I did not qualify for the position change.

Work History:

Worked for State of TN Department of Health via third-party contractor from about 1987 to 1993. Contract position was grandfathered in to State of TN Department of Health payroll in 1993, where I worked until taking position with State of TN Department of Agriculture in approximately 2003. Worked Department of Agriculture until September 23, 2018. I have never been written up and have a large list of Tennessee producers that will be glad to stand for my excellent job where I provided great revenue to their businesses through my marketing skills.

Options 1 offered to me at September 8, 2017 Termination:

I could retire with 30 years of service. Ms. Liz Sneed, the HR Director at Ag, informed me I would be leaving my employment with 30 years of service, implying that all benefits of 30-year state employee would be available to me.

a. Ms. Sneed failed to do her homework and know the special circumstances involved in my service credits. The first 6yrs of my service working for Tennessee Department of Health was paid for by a 3rd party contractor. In year seven of this position, it was switched over to the State of Tennessee payroll and I was grandfathered in getting credit for the 6yrs served. Yet, because the contract position never allowed me to contribute to the Tennessee Retirement Fund, it put my retirement benefits 6yrs behind my service years. So what Ms. Sneed was offering was not true. She should have been aware of it because she had assisted me in 2015 to apply to get credit for those years. We were not successful and obviously by September 8, 2017 she had completely forgotten that my retirement did not equal my service hours.

(See attached document)

Contiuation of Explanation of Charges

b.      First phone call with Ms. Sneed regarding my retirement one week after termination.  I called Ms Sneed to see what the status of my retirement benefits.  She said that she had been in touch with TCRS (Tennessee Consolidated Retirement Services) and that my 6yrs would have to be bought out for me to get the 30 yrs retirement credit.  She informed me that Department of Agriculture would buy out the amount for $20,000.  She would get back in touch with me as she progressed with this action.  During this conversation, I also inquired about Option 2 and 3 (listed below) the assistance she had offered in the meeting for finding employment or the open positions she referred to in other divisions at TDA.   I also inquired about Health Insurance/Cobra and my longevity pay that was due to me for my 30 years of service $3000. ($100 for every year of service).  She said she would get back to me on these issues but offered no assistance for employment other than referring me to the JOBS 4 TN website.

c.      I reached out for 2 weeks with delays and no response (I have records.)  Her delay in response resulted in me missing a deadline that would have allowed me a hearing on this matter.  She informed me the state office of Finance Administration had rejected the paying of the $20,000 to TCRS and that I would be leaving without my 30yrs retirement (her Option 1 at the meeting) as well as my $3000 longevity payment for 30 anniversary because of miscalculation of serve hours (short by days).  She did offer that TDA would pay my October Cobra Insurance which I did accept.


Options 2 offered to me at September 8, 2017 Termination:

I was told during the meeting by Ms. Sneed that Human Resources would assist me in find another state position. During the first phone call, I ask what services she could provide in my job search.  She merely referred me to the JOBS 4 TN website.  When I asked if anyone in HR at TDA (Tennessee Department of Agriculture) was going to assist me she responded no.

Options 3 offered to me at September 8, 2017 Termination:

I was told during the meeting by Ms. Sneed that there were position openings in other divisions at the Department that were a fit for my skills and that HR would let me know more about them. During the first phone call, she just told me that I could find them of the JOBS 4 TN website.


Whitteny Flatt ( 32yrs of age) was hired to fill the newly created/moved position that I had.  Does not have an Ag degree and very little  or no experience in manufacturing where I had 15 yrs.  Even though I do not have an Agriculture Business degree, my experience allowed me, over the years, to fill such roles as Organic Director, Fruit and Vegetable Marketing Specialist and Viticulture Marketing Specialist. Probably few people in the state could have filled the new role better that me… and certainly Ms Flatt lacked my knowledge and relationships to move this new position forward.

Whistleblower Incident and Retalition:

In or about late 2014 -15, another marketing specialist ("Pamela Bartholomew") who worked in the office in a cubicle-type area felt that her work was being sabotaged, she was being excluded from pertinent emails and that stuff was disappearing from her desk. She voiced this concern, but it was never addressed. Subsequently, after I successfully obtained a grant for chefs (a new program I created through an USDA grant), things started going missing from my desk also. I set up a "video recorder" in my office, to which there was only one spare key, located in front office. The recorded footage clearly showed Tammy

Algood in my office, rifling around on my desk, and stealing things from my desk/office. -Ms. Algood was very competitive and territorial, and my presumption is that her "TV star" ego felt threatened when others did well. My co-worker, Pamala Bartholomew and I, took the video footage to Asst. Comm'r Ed Harlan. In response, Tammy Algood was called into a meeting with HR, then-Deputy. Comm. Jai Templeton and a state attorney. She was shown the tape of evidence and only punished with two weeks of leave without pay.

*Ms. Algood was possibly not terminated at the time due to the public nature of her job on tv (Talk of the Town) and as author, as well as her work with the First

Lady at the Executive Residence. Ms. Algood does/did a program there with

a garden, etc. I also feel strongly that Ms Algood was not terminated because of the "then" Commissioner Julius Johnson, who was very fond of her celebrity status. Two months after reporting the thefts, I was moved out of her office and into a cubicle by Debbie Ball, my direct supervisor. Three months after reporting the thefts, Pamela Bartholomew, was terminated.-The presumption is that both Pamela and I had damning information and knowledge about Ms. Algood, the department celebrity and friend of the First Lady, so we were targeted for termination and harassment thereafter. (I do still have the video tape and Pamela didn't bring a lawsuit because she didn't want it to hurt her new job and agriculture career.) Why would a clear act of theft in the office not be reason for termination yet both Pamela and I were targeted to end our careers?

Immediately following this incident, I was targeted for harassment daily by both Assistant Commissioner Ed Harlan and immediate supervisor, Debbie Ball (Director of Marketing). As I was told by Comm. Harlan, "don't do that again" even though my actions were only done to protect myself. Before this incident, I had no animosity towards Ms. Algood and worked with her in the same fashion as any other co-worker. Ms Ball treated me horribly daily, micromanaging me, talking down to me in front of the new and younger employees, checking on my where-abouts (I was always at the location I was supposed to be at doing my job.), and removing me from roles and responsibilities to beat me down as well as relocated me to a cubicle from closed office.

Many manufacture producers that I have worked with can attest to my hard work and are willing to stand for my integrity and work.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

6/11/2018

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*    9/25/2019    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Greater than $75,000.
According to proof at Trial.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          12/16/2019

Signature of Plaintiff

Printed Name of Plaintiff      Linda W Shelton

### B.     For Attorneys

Date of signing:

Signature of Attorney        To Be Announced

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Linda Shelton<br>1603 Granville Road<br>Franklin, TN 37064 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|-----|-----|-----|-----|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| **EEOC Charge No.** | **EEOC Representative** | | **Telephone No.** |
| 494-2018-01728 | Deborah K. Walker,<br>Area Office Director | | (615) 736-2109 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Deborah K. Walker*

**Deborah K. Walker,**
**Area Office Director**

SEP 1 8 2019

*(Date Mailed)*

Enclosures(s)

cc: **Liz Sneed**
**Human Resources Director**
**TN Dept. of Agriculture**
**Ellington Agricultural Center**
**440 Hogan Road**
**Nashville, TN 37220**

Case 3:19-cv-01121   Document 1   Filed 12/16/19   Page 10 of 11 PageID #: 10



## Tennessee Department of Agriculture
Ellington Agricultural Center, Box 40627, Nashville, Tennessee 37204
615-837-5100 / FAX: 615-837-5333

Jai Templeton
Commissioner

Bill Haslam
Governor

### HAND DELIVERY

**TO:** Linda Shelton, Agricultural Marketing Specialist 2, 00131598

**FROM:** Jai Templeton, Commissioner

**DATE:** September 8, 2017

**SUBJECT:** Expiration of Executive Service Appointment

This memorandum serves to inform you of the expiration of your executive service appointment as an Agricultural Marketing Specialist 2, effective September 23, 2017. The effective date of the expiration of your appointment includes ten days of paid administrative leave (September 11 – 22, 2017). During this ten-day notice period, you will not be required to report for duty, but you will need to be available by phone to answer any questions or provide information.

You will receive a lump sum payment for any accrued annual and/or compensatory time to your credit. You will be required to turn in your State issued property (e.g., keys, cell phone, ID card/badge) and any other property belonging to State government before you leave the office today.

If you have questions, please contact Liz Sneed, Human Resources Director, at 615-837-5116.

---

I verify by my signature below that I have received a copy of this memorandum.

Employee Signature

Date 09/08/17

CC: Commissioner, Department of Human Resources