UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LINDA WILLIAMS SHELTON, | |
| Plaintiff, | Case No. 3:19-cv-01121 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| TENNESSEE DEPARTMENT OF AGRICULTURE, et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

The docket in this employment discrimination action brought under 42 U.S.C. § 1983 shows that pro se Plaintiff Linda Williams Shelton has not served any of the defendants named in her complaint and no defendant has appeared. On April 8, 2020, the Court ordered Shelton to show cause why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m) and warned Shelton that failure to respond could result in a recommendation of dismissal. (Doc. No. 5.) Shelton has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

### I. Factual and Procedural Background

Shelton filed this action on December 16, 2019, alleging that Defendants Tennessee Department of Agriculture, Former Commissioner Jai Templeton, and Commissioner Charlie Hatcher discriminated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34, and Tennessee law. (Doc. No. 1.) The Court informed Shelton "that

**she is responsible for effecting service of process on all Defendants** in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure" and referred her to additional resources regarding service available on the Court's website. (Doc. No. 4, PageID# 15 (emphasis in original).) The Court warned Shelton "that failure to complete service of process for a Defendant could result in dismissal of this action against that Defendant." (*Id.*) The docket shows that Shelton never asked the Clerk of Court to issue summonses to the defendants.

On April 8, 2020, the Court ordered Shelton to show cause by April 29, 2020, why the Magistrate Judge should not recommend that this action be dismissed under Rule 4(m) and warned Shelton that failure to respond could result in a recommendation of dismissal. (Doc. No. 5.) Shelton has not responded to the Court's show-cause order, and there is no indication that summonses have issued or been served on any of the defendants.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.**     **Analysis**

This action has been pending for more than 160 days without service of process on any defendant. The Court notified Shelton at the outset of the litigation that she was responsible for serving process on each defendant in accordance with the Federal Rules of Civil Procedure and pointed her to resources for accomplishing service. (Doc. No. 4.) When the time for service under Rule 4(m) had passed, the Court issued a show-cause order reminding Shelton of her responsibility

to effect service of process and providing her with an opportunity to explain why the Court should extend the time for service rather than dismiss her claims. (Doc. No. 5.) Shelton did not respond.

The fact that Shelton appears pro se does not excuse her failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Shelton has not served any defendant in this action in compliance with Rule 4 despite ample time to do so, notice that failure may result in dismissal, and an opportunity to show good cause to excuse her failure, dismissal without prejudice under Rule 4(m) is appropriate.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge